JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | 2:18-cv-10363-ODW (MAA) | Date | August 5, 2019 |
|---|---|---|---|
| Title | *Michael Deuschel v. Los Angeles Superior Court et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| No Appearance | No Appearance | |

**Proceedings:**          **In Chambers**

    Having thoroughly reviewed Plaintiff's Complaint entitled "Notice and Petition for Writ of Mandate" (Compl., ECF No. 1) and Plaintiff's multiple responses to the Court's Order to Show Cause (ECF Nos. 13, 15, 17, 20) why this case should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court hereby **DISMISSES** Plaintiff's Complaint as discussed below.  As such, Plaintiff's request for a stay is **DENIED** as moot.  (ECF No. 21.)

    As the Court previously indicated, Plaintiff's claims appear to be barred by the doctrine of judicial immunity and the *Rooker-Feldman* doctrine.  (Minute Order, ECF No. 12.)  The Court allowed Plaintiff an opportunity to address these issues and why these issues did not bar Plaintiff's Complaint.  (Minute Order 1–2.)  In four separate filings, Plaintiff responded to the order to show cause and concurrently requested additional time to respond.  (*See* ECF Nos. 13, 15, 17, 20.)  In all, the Court allowed Plaintiff over four months to respond to the order to show cause.

    Plaintiff's claims stem from Defendants' exercise of authority in their judicial capacity. Plaintiff alleges that "[t]he Los Angeles Superior Court (LASC) Judges discriminated against and excluded Plaintiff from full and equal judicial services by wrongfully reducing, ignoring, and denying his ADA Requests for Accommodation." (Compl. 4.)  Plaintiff's responses to the order to show cause did not change his position.  Judicial immunity "bars suits against judges, and other officials who exercise 'discretionary judgment' similar to that of judges, when the plaintiff's suit is predicated on actions taken in the judge's judicial capacity." *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018).  Plaintiff argues that administrative tasks such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-10363-ODW (MAA) | Date | August 5, 2019 |
|---|---|---|---|
| Title | *Michael Deuschel v. Los Angeles Superior Court et al.* | | |

as denying an ADA Request for Accommodation are not protected by judicial immunity. (Pl.'s Response to Order to Show Cause ("OSC Response") 12, ECF No. 20.) However, Plaintiff misunderstands the law. "In the absence of allegations that the judges . . . were acting outside their judicial role, but instead undertook the alleged actions in an administrative, legislative, or executive capacity, absolute judicial immunity would apply." *Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 922 (N.D. Cal. 2016). As Plaintiff confirms in his response, Defendants' alleged actions are fairly traceable to the Defendants' function in their judicial capacity. (*See generally* OSC Response.) vAs such, the doctrine of judicial immunity bars Plaintiff's suit.

Additionally, as a separate reason warranting dismissal, the *Rooker-Feldman* doctrine prevents litigants from challenging "an injury caused by a state court judgment and seeking federal court review and rejection of the judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). *Rooker-Feldman* is limited to situations where a plaintiff alleges a de-facto appeal by both asserting errors by the state court and seeking relief from the state-court judgment. *Id.* This doctrine is applicable even where a plaintiff does not directly contest the merits of a state-court decision, but where the federal causes of action are "inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).

Although Plaintiff provides instances where courts have found an exception to the *Rooker-Feldman* doctrine, Plaintiff does not adequately explain how these cases are applicable here. Instead, Plaintiff continues to assert that he was denied a "full-and-fair fight of adversarial proceedings . . . [specifically] LASC Defendants . . . den[ied] Plaintiff's meritorious ADA requests for accommodation to stay all matters." (OSC Response 33–34.) Although it appears that Plaintiff did appeal the trial court's denial, the California Courts of Appeal affirmed the trial court's decision and denied his request to stay oral arguments. (OSC Response 34.) Now, Plaintiff seeks review of the trial court's decision and the Courts of Appeal's affirmation. These claims fall squarely within *Rooker-Feldman*. Accordingly, Plaintiff's claims are also barred by *Rooker-Feldman*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-10363-ODW (MAA) | Date | August 5, 2019 |
|---|---|---|---|
| Title | *Michael Deuschel v. Los Angeles Superior Court et al.* | | |

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff does not request leave to amend; nor does the Court find that leave to amend would be proper. Amendment would be futile as it could not possibly cure the deficiencies in Plaintiff's Complaint. As discussed above, Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close the case.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |